UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| CHRISTEN LASLEY, Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | ) | CASE NO. 3:25-CV-390 |

**MEMORANDUM OPINION AND ORDER**

On August 11, 2025, Plaintiff Christen Lasley ("Claimant") brought this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security. [Doc. 1]. Upon consent of the parties pursuant to 28 U.S.C. § 636(c), this Court has jurisdiction over this matter through entry of final judgment. [Doc. 15].

Claimant filed her brief [Doc. 13] on January 2, 2026, and contends that this matter should be remanded because the administrative law judge ("ALJ") failed to properly support his conclusion regarding the mental prong of Claimant's residual functional capacity ("RFC"). More specifically, Claimant argues that the ALJ impermissibly moved forward with formulating Claimant's mental limitations without properly developing the record. In support, Claimant notes that the two agency reviewers, and Stephen Rubin, PhD, who responded to the ALJ's medical interrogatories, all stated that they could not fully opine as to Claimant's mental functioning because there was sufficient information and/or because she had not undergone a psychological evaluation. Claimant further contends that even though she failed to appear for two scheduled

psychological consultative examinations, the ALJ had a duty to further develop the record by offering her another opportunity to undergo the exam, given that the state agency reviewers and Dr. Rubin all opined that further information was needed.

The Commissioner filed a response, arguing that Claimant failed to appear at both of her psychological consultative examinations and the regulatory authority permits the ALJ to render a decision despite Claimant's lack of assistance in developing the record. [Doc. 21]. Further, the Commissioner argues that the ALJ was not required to address Claimant's missed consultative examination, state whether he assigned any weight to her failure to appear, or to explain why he did not order another consultative examination. Instead, the Commissioner asserts that, because the ALJ attempted to obtain the consultative examination, but Claimant failed to cooperate, the ALJ appropriately made his determination based on the evidence he had available to him, pursuant to 20 C.F.R. § 416.920b(b)(3). Moreover, the Commissioner points out that at no point since missing her rescheduled psychological consultative examination has Claimant offered any reason for why she failed to appear.

Claimant then filed a Reply. [Doc. 22]. In her reply, Claimant continued to emphasize the fact that the medical opinions offered by the state agency reviewers and Dr. Rubin all indicated the need for Claimant to undergo a psychological evaluation.

On October 15, 2026, the Court held a remote hearing to address the briefs filed in this matter. After a thorough review of the record in this matter and after considering the arguments presented by the parties in their briefing and the information provided by counsel during the hearing, the Court issued its oral ruling on the record. Present during the hearing were Maren Miller Bam, Esq. for Claimant and Kevin Murphy, Esq. for the Commissioner.

## I. APPLICABLE LAW – STANDARD OF REVIEW

The Court set forth the applicable law while issuing its oral ruling.

## II. ANALYSIS

As noted above, the issue for review here is whether the ALJ failed to properly develop the record as to Claimant's mental functioning, which in turn led him to improperly formulate the mental portion of her RFC. For reasons more fully addressed on the record, the Court finds that the ALJ took the steps necessary to develop the record as to Claimant's mental functioning. When Claimant failed to appear for her rescheduled psychological consultative exam it was incumbent upon her to provide an explanation for that failure before the agency and/or the ALJ had a duty to assess whether she had good cause for not attending the appointment. 20 C.F.R. § 416.918. Given that Claimant never provided a reason for her failure to attend the rescheduled psychological consultative exam, the ALJ was not required to inquire further about the matter.

Despite Claimant's failure to appear for this exam, the ALJ still took a further step to develop the record as to Claimant's mental ability to perform work by submitting medical interrogatories to Stephen Rubin, PhD. (Tr. 1907–14). While Claimant rightly argues that Dr. Rubin stated that he could not fully assess Claimant's mental functioning because she had not undergone a cognitive/psychological assessment, after reviewing his report as a whole, it is clear that Dr. Rubin was able to assess several areas of Claimant's functioning based solely upon the information he had available to him. He specifically indicated that he could not assess Claimant's ability to understand and remember complex instructions, carry out complex instructions, and to make judgments on complex work-related decisions (Tr. 1907); however, each of the jobs that the vocational expert opined that Claimant could perform fell within the unskilled category, so Claimant would not be called upon to perform these functions. (Tr. 73). In rendering his opinions,

Dr. Rubin observed that Claimant's depression and anxiety were controlled with medication and that she had not required psychiatric hospitalization. *See Myatt v. Comm'r of Soc. Sec.*, 251 F. App'x 332, 335 (6th Cir. 2007) (observing that conditions which can adequately be managed through use of medication and other treatment are "inconsistent with a diagnosis of total disability.").

Given the efforts made by the ALJ to develop the record as to Claimant's mental ability to perform work, the Court finds that he was entitled to formulate Claimant's RFC based upon the record before him. *See* 20 C.F.R. § 416.920b(b)(3). The Court further finds that the ALJ did not "play doctor" by formulating an RFC that did not fully align with any medical opinion offered. *See* 20 C.F.R. § 416.946(c); *see also Shepard v. Comm'r of Soc. Sec.,* 705 F. App'x. 435, 442–43 (6th Cir. 2017); *Rudd v. Comm'r of Soc. Sec.,* 531 F. App'x 719, 728 (6th Cir. 2013).

While neither party addressed the medical evidence of record as to Claimant's mental health treatment, in order to put the ALJ's RFC formulation into full context, the Court has also reviewed Claimant's medical records addressing her mental functioning, which are found primarily in Exhibits B7F, B8F, B10–11F, and B16F (which includes the records found at B15F). To briefly summarize, while Claimant's mental health records do document limited occasions where her anxiety and depression spiked, those records generally reflect that she was experiencing mild depression and/or anxiety symptoms that were well-controlled by her mental health medications.

The Court has also reviewed the mental impairment questionnaire completed by Emily Harrel, PMHNP-BC. (Tr. 1487–91). Although Ms. Harrel opined that Claimant was significantly limited in her ability to perform work-related mental tasks, her opinions are presented primarily using a check-the-box form and otherwise offer limited reasoning in support of those opinions.

*See Gladson v. Saul*, No. 6:20-064-DCR, 2020 WL 6689196, at *7 (E.D. Ky. Nov. 12, 2020) (quoting *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 473 (6th Cir. 2016)) (internal quotation omitted) (observing that an ALJ is entitled to discount medical evidence presented in this type of form as it is considered "weak evidence at best."). More importantly, while Ms. Harrel noted in responding to the questionnaire that she had been seeing Claimant since 2019, the Court was unable to locate in the transcript any treatment records generated by Ms. Harrel for Claimant, and Claimant's counsel advised during the hearing that she was also unaware of any being contained within the transcript.

In short, after considering all record evidence that the ALJ had before him, the Court finds that he did not err in proceeding to formulate the mental portion of Claimant's RFC. Moreover, the Court finds that substantial evidence supported the ALJ's conclusions regarding Claimant's mental ability to perform work. While Claimant's lack of cooperation with the Social Security Administration hampered the ALJ's ability to develop the record, he took all necessary steps to build it. Additionally, Claimant's medical records support his findings because they reflect that Claimant's mental health conditions were generally well-controlled by her mental health medications.

## IV. CONCLUSION

For the reasons detailed above, the Court has determined that substantial evidence supported the ALJ's decision and that he conformed to the relevant legal standards. Accordingly, the Court **DENIES** the relief requested in Claimant's Complaint and Brief [Docs. 1, 13] and **AFFIRMS** the final decision of the agency.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge